**No. 2024-1264**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

J. STAR ENTERPRISES, INC.,

Plaintiff - Appellant

v.

UNITED STATES,

Defendant - Appellee

---

**On Appeal from**
United States Court of Federal Claims
1:23-cv-00013-DAT

---

**BRIEF OF APPELLANT J. STAR ENTERPRISES, INC.**

---

Jason Ross Anders
Anders Law Firm, LLC
650 Poydras Street, Suite 2430
New Orleans, LA 70130
Tel: (504) 407-2552
E-mail: jason@anderslawfirm.com
Counsel for Plaintiff-Appellant,
J. Star Enterprises, Inc.

# <u>TABLE OF CONTENTS</u>

Contents                                                                                                  Page(s)

TABLE OF AUTHORITIES .......................................................................3

STATEMENT OF RELATED CASES ....................................................4

STATEMENT OF JURISDICTION.........................................................4

STATEMENT OF THE ISSUE.................................................................4

STATEMENT OF THE CASE...................................................................4

SUMMARY OF THE ARGUMENT ......................................................8

ARGUMENT ..............................................................................................8

      I.     Standard of Review ...............................................................8

      II.    The Court of Federal Claims erred by determining that
            J. Star did not file its claim within six years of the accrual
            date, in accordance with 41 U.S.C.A. § 7103(a), and by
            dismissing J. Star's Complaint ..............................................8

CONCLUSION ..........................................................................................12

ADDENDUM:  JUDGMENT AND MEMORANDUM OPINION AND ORDER

OF THE COURT OF FEDERAL CLAIMS

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Adams v. United States*, 59 F.4th 1349 (Fed. Cir.2023),
*cert. denied*, 144 S.Ct. 278; 217 L.Ed.2d 126 (2023)..................................8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548,
91 L.Ed. 265 (1986) .................................................................11

*Dobyns v. United States*, 91 Fed.Cl. 412 (2010) .....................................11

*Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp.*,
840 F.2d 917 (Fed. Cir.1988)....................................................11

*Hamlet v. United States*, 873 F.2d 1414 (Fed. Cir.1989) .......................10

**Statutes**

28 U.S.C.A. § 1295 .....................................................................4

41 U.S.C.A. § 7103 ...............................................................4, 7, 12

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 47.5, counsel states that no appeals in or from this district court action were previously before this Court or any other appellate court.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C.A. § 1295, as this appeal constitutes an appeal from a final decision of the United States Court of Federal Claims. J. Star Enterprises, Inc. ("J. Star") timely appealed by filing its notice of appeal within 60 days of the Judgment of the Court of Federal Claims dated September 15, 2023.

## STATEMENT OF THE ISSUE

1. Whether the Court of Federal Claims erred by determining that J. Star did not file its claim within six years of the accrual date, in accordance with 41 U.S.C.A. § 7103(a), and by dismissing J. Star's Complaint.

## STATEMENT OF THE CASE

Plaintiff, J. Star, is a Louisiana corporation with its principal place of business located in the Parish of Orleans, State of Louisiana, and is a recent graduate of the U.S. Small Business Administration 8(a) program. J. Star, through Prime Contract #: W91151-14-C-0062 (the "Contract"), received a Notice to Proceed to install triple

pipe drainage in the planned area at Ft. Hood, Texas. The project incurred significant delays through no fault of J. Star when the Contracting Officer and COR, Johnny Ainsworth ("Ainsworth") approved Wendy Geye ("Geye") in writing as the Alternate QC, but then refused to recognize her as the Alternate QC, even though Geye was specifically approved for that role. The project was delayed, again through no fault of J. Star, until a suitable replacement could be found. J. Star was forced to incur the additional cost of paying Geye $800 per week, while it was only able to ultimately find a consultant at three times that rate, and was forced to incur the unnecessary extra expense due solely to the fault of the Government. Suitable replacements were proposed for the QC, but those proposed replacements were rejected by the Government.

On December 27, 2014, Clint Starling of J. Star met with Ainsworth at his office, and Mr. Starling informed Ainsworth of possible obstructions due to a duct bank intrusion (of which there were several). Ainsworth stated that once that is encountered a Modification of Differing Site Conditions will be entertained. Ainsworth also stated that, upon encountering the obstructions, J. Star should have performed an underground investigation during the site visit. Additionally, Ainsworth stated that the cost would be borne by J. Star, as unforeseen conditions are not common in the pre-bid process. As a result, J. Star was not allowed to reuse material that was suitable for backfill. Ainsworth summarily rejected the proposal.

Section 4.5 of J. Star's SWPPP Plan shows that the silt and clay material is suitable for backfill. Contrary to the requirements of its Plan, J. Star was required by the Government to bring in separate fill material at an additional cost to J. Star.

J. Star also experienced a situation where the pipe would float during a rain event because DPW did not have design method to connect the pipe to the existing vault. The Government's response was that it was a result of a "means and methods" by J. Star, as the contractor, and that J. Star must submit a design for approval. The original bid documents did not state any portion of the project would be design-build, which is what the Government was requiring. Also, the project was further delayed, again through no fault of J. Star, as the result of a nesting bird near the project, and no compensation for this delay was entertained by DPW.

J. Star needed funds on its last payment, but the Contracting Officer invoked liquidated damages as part of the condition to receive the payment. J. Star reluctantly accepted, however, neither the Government nor the adjacent fire station were impacted directly by this Project. The COR, Ainsworth, stated that impact to the fire department was with a road closure and it impacted their ability to do their job. No evidence was presented to support this assertion. Kimberli Gray, the Small Business representative at the time, stated to J. Star that DPW had to show that the project delay impacted the base in some manner, which it could not.

J. Star submitted a FOIA request to the Government on November 3, 2015, to determine the basis for the assessment of liquidated damages, and did not receive responsive documents until February 10, 2016, well within six (6) years of submitting its Claim to the Contracting Officer on November 24, 2021.  In fact, the Government delayed the response to the FOIA request and even asked J. Star to agree to "an informal extension to at least 31 December 2015".

As noted above, on November 24, 2021, J. Star delivered its claim and supporting documents to the Contracting Officer.  J. Star certified its claim in accordance with 41 U.S.C. § 7103(b). Pursuant to 41 U.S.C. § 7103(f)(2), the Contracting Officer was required to take one of the following actions within sixty (60) days after J. Star submitted the claim: (a) issue a final decision, or (b) notify J. Star of the time within which a decision will be issued. he Contracting Officer failed to respond in accordance with 41 U.S.C. § 7103(f)(2), thus resulting in a deemed denial of the claim as of January 23, 2022.  J. Star timely filed its Complaint in the Court of Federal Claims on January 3, 2023.

The United States filed a Motion to Dismiss the Complaint, which the Court of Federal Claims granted by a Judgment dated September 15, 2023.  This timely appeal follows.

## SUMMARY OF THE ARGUMENT

J. Star respectfully submits that its claim was properly filed within six years of the time the claim accrued, considering the delays caused by the Government not only with the project itself, but also in its delayed response to the FOIA request by J. Star. The Claims Court should have taken into account the Government's unilateral delay in responding to the FOIA request when calculating the time within which J. Star could have submitted its claim. Additionally, the Claims Court should have allowed adequate time for discovery related to the claim, the associated delays and assessment of liquidated damages, and the FOIA response delays, before ruling on any motion to dismiss.

## ARGUMENT

### I.      Standard of Review

"This Court reviews *de novo* the Claims Court's dismissal of a complaint for failure to state a claim upon which relief can be granted." *Adams v. United States*, 59 F.4th 1349, 1355 (Fed. Cir.2023), *cert. denied*, 144 S.Ct. 278; 217 L.Ed.2d 126 (2023).

**II.     The Court of Federal Claims erred by determining that J. Star did not file its claim within six years of the accrual date, in accordance with 41 U.S.C.A. § 7103(a), and by dismissing J. Star's Complaint.**

The Claims Court stated that "[b]y October 1, 2015, J. Star knew that the CO had made the determination to not compensate J. Star for any delays, and J. Star had accepted the final payment under the contract; therefore, the claim began to accrue on this date at the latest." Addendum, p. 5, Memorandum Opinion and Order. J. Star, however, in an attempt to investigate the basis for the CO's decision not to compensate J. Star, submitted a FOIA request to the Government on November 3, 2015, and did not receive responsive documents until February 10, 2016, well within six (6) years of submitting its Claim to the Contracting Officer in this matter. In fact, the Government delayed the response to the FOIA request and even asked J. Star to agree to "an informal extension to at least 31 December 2015".

The Court also noted that "[o]n October 1, 2015, J. Star accepted payment under the Contract, which represented its final invoice, less the liquidated damages assessed. (Id. App. 37). There are simply no facts after October 1, 2015, that could have fixed the liability of the United States." Addendum, p. 4, Memorandum Opinion and Order. On page 6, the Court dismissed the significance of the FOIA request, and delayed Government response, writing "[t]he FOIA request does not and could not affect the dates when liability would have been fixed and could not

affect the date for claim accrual. There is no amount of discovery that could cure the deficiencies in J. Star's case."

J. Star was investigating its potential claims at the time, but was precluded from doing so solely by the Government's delayed response. Considering that the inferences should be drawn in favor of the pleader at this stage, J. Star respectfully submits that the Claims Court should have denied the Motion.

"In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader. The complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir.1989) (citations omitted).

In this case, J. Star was not provided with information it was requesting to evaluate its potential claim until February 2016, and then was only provided with minimal information. That is within the time frame to properly file its claim with the Contracting Officer, as it did in this situation. All reasonable inferences should have been drawn in favor of J. Star, and the Government's Motion should have been denied. The Complaint also clearly sets forth that the Contracting Officer was served with the Claim and supporting documents, but failed to respond within the time

allowed by law.   J. Star's Claim and its Complaint were timely, and the Government's Motion should have been denied.

Similar to the complaint in *Dobyns v. United States*, 91 Fed.Cl. 412 (2010), J. Star's Complaint has "… enough factual detail to put defendant on notice as to the basic nature of the claims raised, so as to allow this case to proceed to discovery." *Id*. at 430.  In *Dobyns*, the Court also noted "the 'simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.' It does not, as defendant seemingly would have it, 'collapse discovery, summary judgment and trial into the pleading stages of a case.'"  *Id*. at 427.

The Supreme Court has held that even summary judgment would be inappropriate without adequate time for the parties to engage in discovery.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 265 (1986).  See also, *Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir.1988).  In this case, at the beginning stages of the pleadings, it would be prejudicial to J. Star to not allow it to engage in discovery, especially considering the fact that the FOIA response was received by J. Star within the time frame for filing its claim. The Claims Court should have allowed to engage in adequate discovery regarding its claims prior to any decision on a motion to dismiss its claims.

## **<u>CONCLUSION</u>**

J. Star properly submitted its claim to the Contracting Officer within six years of its accrual, in accordance with 41 U.S.C.A. § 7103(a).  Accordingly, the ruling of the Claims Court dismissing J. Star's Complaint should be reversed.  Alternatively, this Court should remand the matter to the Claims Court to allow discovery to proceed on the issues of the Government's delays on the project and on the response to the FOIA request submitted by J. Star in an attempt to investigate its claims and the assessment of liquidated damages.

WHEREFORE, Plaintiff-Appellant, J. Star Enterprises, Inc., respectfully submits that the judgment of the Court of Federal Claims granting the United States' Motion, and dismissing J. Star's action, should be reversed.

Respectfully submitted:

<u>s/Jason Ross Anders</u>
Anders Law Firm, LLC
Jason Ross Anders
650 Poydras Street, Suite 2430
New Orleans, LA 70130
Tel:  (504) 407-2552
E-mail:  jason@anderslawfirm.com
Counsel for Plaintiff-Appellant,
J. Star Enterprises, Inc.

**ADDENDUM:**

**JUDGMENT AND MEMORANDUM OPINION AND ORDER BY THE COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

**No. 23-13 C**
**Filed: September 15, 2023**

**J. STAR ENTERPRISES, INC.**

        **Plaintiff**

    **v.**                                              **JUDGMENT**

**THE UNITED STATES**

        **Defendant**

Pursuant to the court's Memorandum Opinion and Order, filed September 11, 2023, granting defendant's motion to dismiss,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

                                      Lisa L. Reyes
                                      Clerk of Court

                By:     s/ Debra L. Samler

                                        Deputy Clerk

<u>NOTE</u>: As to appeal to the United States Court of Appeals for the Federal Circuit, 60 days from this date, see RCFC 58.1, re number of copies and listing of <u>all plaintiffs</u>. Filing fee is $505.00.

# In the United States Court of Federal Claims

No. 23-013

Filed: September 11, 2023

| | |
|---|---|
| **J. STAR ENTERPRISES, INC.,** | |
| *Plaintiff*, | |
| **v.** | |
| **THE UNITED STATES,** | |
| *Defendant*. | |

*Jason R. Anders*, Anders Law Firm, LLC, New Orleans, LA, for Plaintiff.

*Kyle S. Beckrich*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., with *Captain Natalie W. McKiernan*, Trial Attorney, U.S. Army Legal Services Agency, Contract Litigation & Intellectual Property Division, for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

The Contract Disputes Act ("CDA") contains two statutes of limitations—one controlling when claims must be submitted to a contracting officer, and another controlling when claims can be appealed directly to this Court. With few exceptions, those clocks stop for no one. The United States moves to dismiss this CDA case, arguing that Plaintiff J. Star Enterprises, Inc.'s, ("J. Star"), claim is untimely on all grounds. Because the Court finds that J. Star filed its Complaint without complying with either provision, the Court grants the United States' Motion to Dismiss, (ECF No. 7).

### I. Background

In 2014, the United States Army ("Army") awarded J. Star a contract for drainage pipe installation at Fort Hood, Texas ("the Contract"). (Compl. at 1, ECF No. 1). The initial period of performance was September 30, 2014 to May 5, 2015. (Def.'s Motion to Dismiss ("Def.'s Mot.") App. 5, ECF No. 9). The project immediately incurred significant delays, delays that J. Star believes were either beyond its control or should be attributed to the Army. (Compl. at 2–3). On September 28, 2015, the Army modified the Contract to assess liquidated damages. (Def.'s Mot. App. 33). This modification indicates that J. Star was eighty-six days late in completing performance and assesses $1,058 in liquidated damages per day, totaling $90,988.00. (*Id.*). On

September 30, 2015, the Army paid J. Star its final invoice, less the liquidated damages assessed, and J. Star accepted payment on October 1, 2015. (*Id.* App. 35–37).

On November 24, 2021—six years, one month, and twenty-three days—after it accepted payment, J. Star submitted a certified claim challenging the liquidated damages. (*See* Compl. Ex. 1, ECF No. 1-2).[1] J. Star claims it was entitled to a return of the liquidated damages and additional compensation for delays it incurred because of the Army's alleged breaches of the duty of good faith and fair dealing, and implied duty to cooperate and not hinder. (*Id.* at 2–5). The Contracting Officer ("CO") did not respond to the alleged claim, effectuating a constructive denial of the claim as of January 23, 2022. (Compl. at 5 (citing 41 U.S.C. § 7103(f)(2)).

Based on that denial and related delays, J. Star commenced litigation in this Court on January 3, 2023. (*See* Compl.). J. Star alleges that the Army breached its duty of good faith and fair dealing, as well as its implied duty to cooperate and not hinder, resulting in significant delays to the project and added expenses. (*Id.* at 5–6). As a result of the delays, J. Star seeks to recover the liquidated damages it believes the Army improperly assessed. (*Id.* at 5).

## II.    Analysis

The United States moved quickly to dismiss J. Star's Complaint, arguing: (1) the Court lacks jurisdiction to hear the liquidated damages claim because J. Star failed to timely file its certified claim for those liquidated damages before the CO; and (2) J. Star fails to state a redressable claim because the statutes of limitations prescribed by the CDA have expired. (Def.'s Mot. 5–10). Ultimately agreeing with the United States, the Court addresses each argument.

Rule 12(b)(6) requires dismissal when a complaint fails to state a "claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Under RCFC 12(b)(6) a claim may be dismissed, "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering dismissal under 12(b)(6), the Court "must accept as true all the factual allegations in the complaint and must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted). However, the Court need not "accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A claim is plausible "on its face when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 662).

To withstand a motion to dismiss filed under RCFC 12(b)(1), a plaintiff must demonstrate by a preponderance of the evidence that the Court possesses subject matter jurisdiction. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). In assessing the arguments presented, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* J. Star fails to meet this burden from the outset. RCFC 8(a)(1) requires a pleading to include "a short

---

[1] The claim mirrors the language in the Complaint before the Court.

and plain statement of the grounds for the Court's jurisdiction," unless the Court has already determined to have jurisdiction. J. Star's Complaint does not include a jurisdictional statement. *James-Bey v. Sec'y of Health & Human Res.*, 2005 U.S. Claims LEXIS 503 *4 (Aug. 8 2005) ("The jurisdictional statement must be well-pleaded in the complaint[]"); *see also Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir.), *reh'g denied* (1997) (finding that "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed.") (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)).

The Tucker Act confers this Court with jurisdiction to entertain claims arising under the CDA. 28 U.S.C. § 1491(a)(2). CDA claims must comply with two statutes of limitations.[2] A contractor must first submit a timely written claim to the CO, generally within six years of its accrual date. *See* 41 U.S.C. § 7103(a)(1)–(2), (4)(A). This jurisdictional prerequisite is often referred to as the CDA's presentment requirement. *See, e.g.*, *Arctic Slope Native Ass'n v. Sebelius*, 583 F.3d 785, 793 (Fed. Cir. 2009) (stating that under the CDA "the presentment of claims to a contracting officer . . . is a prerequisite to suit in the Court of Federal Claims"). Next, the CO must issue a timely written decision within sixty days, otherwise the claim is deemed denied. 41 U.S.C. § 7103(a)(3), (f). Contractors may appeal a CO's final decision on a CDA claim "either to the appropriate board of contract appeals or [this Court]." *Guardian Angels Med. Serv. Dogs, Inc. v. United States*, 809 F.3d 1244, 1247 (Fed. Cir. 2016) (citing 41 U.S.C. § 7104). Contractors are allotted one year to proceed to this Court from an adverse CO's final decision, *see id.* § 7104(b)(3), or "90 days from the date of receipt of a [CO]'s decision" to appeal to a board, *id.* § 7104(a).

The United States may raise a timeliness challenge to a contractor's CDA complaint through a motion to dismiss for failure to state a claim or a motion for summary judgment if the plaintiff did not submit the underlying claim to the CO within six years of the claim's accrual. *See, e.g.*, *Al-Juthoor Contracting Co. v. United States*, 129 Fed. Cl. 599, 621 (2016). However, there is some debate on whether challenging a final decision in this Court within the prescribed 12-months period acts as a jurisdictional bar. *See, e.g.*, *Creative Mgmt. Servs., LLC v. United States*, 2020 U.S. Claims LEXIS 3, at *13 (Fed. Cl. Jan. 8, 2020) ("a claim brought more than 12 months after receiving a contracting officer's final decision is untimely and must be dismissed for lack of subject-matter jurisdiction.") *aff'd*, 989 F.3d 955 (Fed. Cir. 2021). *See also Textron Aviation Def. LLC v. United States*, 161 Fed. Cl. 256, 264 n.14 (2022) (collecting cases); *Guardian Angels Med. Serv. Dogs*, 809 F.3d at 1252 (declining to decide whether the 12-month CDA statute of limitations is jurisdictional). The distinction here matters not, as J. Star clearly failed to satisfy either prescribed limitation period. When considering whether a party has met its statute of limitations, the Court examines when the party's claims accrued. *See Bowman Const. Co. v. United States*, 154 Fed. Cl. 127, 136 (2021). Under the CDA, "[a] claim accrues . . . as of the date when all events[ ] that fix the alleged liability of either the Government or the contractor and permit assertion of the claim[ ] were known or should have been known." *Id.* (internal

---

[2] As Judge Solomson has commented, "the CDA is a jurisdictional minefield of the first order." *Textron Aviation Def. LLC v. United States*, 161 Fed. Cl. 256, 264 (2022) (citing *Volmar Constr., Inc. v. United States*, 32 Fed. Cl. 746, 761 (1995)).

quotations omitted). As helpfully summarized by another Judge of this Court, there are some basic rules for submitting a CDA claim:

> "1. A proper CDA claim is 'a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.' FAR 2.101 (defining 'claim').
>
> 2. A CDA claim accrues on 'the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known.' FAR 33.201; *see also Sikorsky Aircraft Corp.*, 773 F.3d at 1320 (quoting FAR 33.201).
>
> 3. A CDA claim must be submitted to the contracting officer for a final decision within six years of the claim's accrual. *See* 41 U.S.C. § 7103(a)(4)(A); FAR 33.206(a) ('Contractor claims shall be submitted, in writing, to the contracting officer for a decision within 6 years after accrual of a claim . . . .').
>
> 4. A 'routine request' for a contract payment . . . is not a CDA claim, although such a request may be converted into a CDA claim if it is first disputed either as to liability or amount or is not acted upon in a reasonable time.
>
> 5. The six-year 'limitations period does not begin to run if a claim cannot be filed because mandatory pre-claim procedures have not been completed.' *Kellogg Brown & Root Servs.*, *Inc. v. Murphy*, 823 F.3d 622, 628 (Fed. Cir. 2016); *see also Triple Canopy*, *Inc.*, 14 F.4th at 1339–40 (finding that 'a 'mandatory pre-claim procedure' . . . had to be completed in order for [the contractor]'s claims to accrue and the CDA limitations period to begin to run')."

*Textron Aviation*, 161 Fed. Cl. at 265–66.

As to J. Star's Contract, once performance was complete, the contract modification assessing liquidated damages was issued on September 28, 2015. (Def.'s Mot. App. 32). The modification defined its purpose as one to "[a]ssess[] Liquidated Damages for late performance." (*Id*. App. 33). The modification further explained that J. Star was eighty-six days late in completing performance, that the daily rate of liquidated damages is $1,058.00 per day, and thus the total liquidated damages assessed was $90,988.00. (*Id*.). To assess the liquidated damages, the Army "reduce[d] the contract value by $90,988.00 from $939,088.98 to $848,100.98." (*Id*.). The Army assessed liquidated damages for each day that J. Star was late in completing performance. (*Id*. App. 32). On October 1, 2015, J. Star accepted payment under the Contract, which represented its final invoice, less the liquidated damages assessed. (*Id.* App. 37). There are simply no facts after October 1, 2015, that could have fixed the liability of the United States. Thus, the latest date when all events that fixed liability were known by J. Star by October 1, 2015. That is when J. Star's claim accrued, and J. Star needed to submit its certified claim to the

CO no later than October 1, 2021 to satisfy the six year statute of limitations.[3] Because J. Star did not file its claim with the CO until November 22, 2021, there is no available relief. Each of J. Star's claims are time-barred under the CDA's presentment requirement and must be dismissed under RCFC 12(b)(6). *Al-Juthoor*, 129 Fed. Cl. at 613–16.

Similarly, J. Star also failed to meet the CDA's sister provision allowing twelve months to appeal a final decision. Because its claim before the CO was untimely, the appealable decision in this case would arguably be the Army's decision to assess liquidated damages. By October 1, 2015, J. Star knew that the CO had made the determination to not compensate J. Star for any delays, and J. Star had accepted the final payment under the contract; therefore, the claim began to accrue on this date at the latest. (Def.'s Mot. App. 37); *see also K-Con Building Sys., Inc. v. United States*, 107 Fed. Cl. 571, 587 (2012) (noting that "the government's assessment of liquidated damages is a government claim against a contractor and can be directly appealed to the Court of Federal Claims.") (internal citations omitted). J. Star initiated this suit on January 3, 2023. (*See* Compl.); *see also Guardian Angels*, 809 F.3d 1244, at 1250 (finding that an agency decision "will be deemed final" when it "mark[s] the consummation of the agency's decision making process.") (citing *Bennett v. Spear*, 520 U.S. 154, 178 (1997)). To have timely filed a challenge to the Army's claim for liquidated damages, J. Star would have needed to file its complaint within a year of receiving the Army's decision assessing liquidated damages. 41 U.S.C. § 7104(b)(3). Accordingly, the latest J. Star could have properly challenged the Army's assessment of liquidated damages was October 1, 2016. Because J. Star did not file its complaint for over six years after that date, the liquidated damages claim is untimely and would also be dismissed.

J. Star also claims that the Army breached its duty of good faith and fair dealing and violated its implied duty to cooperate and not hinder performance, (*see* Compl. ¶¶ 20-25), but these claims also rest on factual predicates that predate October 1, 2015. As such those claims are also barred by the CDA.[4]

J. Star argues that its claims were timely filed because "J. Star submitted a [Freedom of Information Act ("FOIA")] request to the Government on November 3, 2015, and did not receive responsive documents until February 10, 2016, well within six (6) years of submitting its Claim to the Contracting Officer in this matter." (Pl.'s Resp. at 1, ECF No. 8). J. Star notes that the

---

[3] The United States correctly argues that under relevant case law the contract modification and assessment of damages in this case constitute a final decision, and J. Star does not challenge this assertion in its response. *See, e.g.*, *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1267 (Fed. Cir. 1999); (*see also* Def.'s Mot. at 11; Pl.'s Resp.).

[4] In its response to the United States' motion to dismiss, J. Star fails to address the United States' argument that these claims are subject to the same CDA analysis. (*see generally* Pl.'s Resp.). As such, the Court construes J. Star's silence as accepting the validity of the United States' argument. *See Phila. Auth. for Indus. Dev. v. United States*, 114 Fed. Cl. 519, 527 (2014) ("The court construes plaintiff's silence regarding the merits of defendant's argument respecting [Count] III as . . . concession as to the validity of defendant's position.").

reason for this is because "J. Star was investigating its potential claims at the time, but was precluded from doing so solely by the Government's delayed response." (*Id.*). Notably, this FOIA request is not attached, and, even if some persuasive authority existed that suggests an outstanding FOIA request tolled an otherwise applicable limitations period, J. Star's brief response to the motion to dismiss (consisting of only four pages) fails to substantiate the significance of the FOIA request. (*See generally* Pl.'s Resp.).

In determining the statute of limitations period, "the Court's focus must be on the [CO]'s actions . . . ." *Guardian Angels*, 809 F.3d, at 1250. As such, in cases where the CO's conduct leaves the door open that the original agency decision could be reconsidered, the Court finds that such conduct can alter the triggering of the statutory period. *Id.* at 1251 (finding that the CO's agreement to "to review and respond to additional evidence," regarding the contractor's claim "vitiated" the finality of agency decision). Here, J. Star acknowledges that even the FOIA response provided J. Star with "minimal information," and there is no evidence that the CO was open to reviewing or responding to additional evidence about J. Star's claim. (Pl.'s Resp. at 2). At any rate, the argument is also fundamentally flawed. There is no evidence to suggest that the FOIA request satisfies the CDA's requirement that a claim be "a written demand or written assertion . . . seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." *See Textron Aviation*, 161 Fed. Cl. at 265 (citing FAR 2.101). (*see also* Def.'s Reply at 2 (noting that by failing to respond to the United States' argument in its opening motion, J. Star has waived the argument that it complied with the twelve-month statutory appeal period). The FOIA request does not and could not affect the dates when liability would have been fixed and could not affect the date for claim accrual. There is no amount of discovery that could cure the deficiencies in J. Star's case. Accordingly, J. Star fails to state a redressable claim because the statutes of limitations prescribed by the CDA expired.

## III.    Conclusion

For the reasons stated above, J. Star fails to state a claim for which relief could be granted. Therefore, the Court **GRANTS** the United States' Motion to Dismiss, (ECF No. 7). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**



s/   David A. Tapp
DAVID A. TAPP, Judge

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) this document contains 2,264 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with a 14 point font named Times New Roman.

<u>s/Jason Ross Anders</u>